IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID GROVE, : | |
|          Plaintiff, : | |
| : | |
| v. : | Civ. No. 15-1801 |
| : | |
| CAROLYN W. COLVIN, : | |
| *Acting Commissioner of Social Security*, : | |
|          Defendant. : | |

**O R D E R**

Plaintiff David Grove challenges the denial of his disability insurance benefits claim under Title II of the Social Security Act. (Req. for Review, Doc. No. 13.) The Magistrate Judge has recommended denying Plaintiff's Request for Review. (R. & R., Doc. No. 21.) Plaintiff has filed counseled objections. (Pl.'s Objs., Doc. No. 24.) I will sustain Plaintiff's second and third objections and remand to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further review.

**I.  PROCEDURAL HISTORY**

On January 23, 2012, Plaintiff applied for benefits, alleging total disability beginning in April 2011 due to the onset of various ailments, including cervical spine disease, respiratory disease, and bipolar disorder. (See Req. for Review at 1.) On May 8, 2012, the Social Security Administration denied Plaintiff's application. (See Notice of Disapproved Claim, R. at 158-161.) Plaintiff appealed, and an Administrative Law Judge heard the matter on June 11, 2013. (See Hr'g Tr., R. at 112-147.) On August 9, 2013, the ALJ denied Plaintiff's claim for benefits. (Hr'g Decision, R. at 101-108.) On February 9, 2015, the Appeals Council denied Plaintiff's Request for Review. (AC Denial, R. at 3-6.) On April 9, 2015, Plaintiff filed this action. (Compl., Doc. No. 3.) On April 29, 2016, the Magistrate Judge issued her Report and Recommendation. (R. &

R., Doc. No. 21.)

## II. LEGAL STANDARDS

### A. Standard of Review

I must affirm the ALJ's decision if it is supported by substantial evidence. 42 U.S.C. § 405(g); Pierce v. Underwood, 487 U.S. 552, 564-65 (1988); Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce, 487 U.S. at 564-65).

I must review *de novo* those portions of the Report and Recommendation or specific proposed findings of fact to which objection is made. 28 U.S.C. § 636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). I may "accept, reject, or modify, in whole or in part, [the Magistrate Judge's] findings and recommendations." 28 U.S.C. § 636(b)(1). It is also within my discretion to rely on the findings and recommendations of the Magistrate Judge to which no objection has been made. See United States v. Raddatz, 447 U.S. 667, 676 (1980).

### B. Determining Disability Benefits Eligibility

Disability is defined as, *inter alia*, the inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment (or a combination of impairments). 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the ALJ must conduct a five-step sequential analysis using all evidence in the claimant's case record. 29 C.F.R. § 404.1520. If the ALJ determines the claimant is not disabled at any step in the sequence, the analysis ends. Id.

At step two of the sequential analysis, the ALJ must determine—"solely on the basis of

medical evidence"—whether the claimed impairment is "severe." Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982). An impairment is "severe" when it "limit[s] significantly the individual's 'physical or mental ability to do basic work activities.'" Id. (quoting 20 C.F.R. § 404.1520(c)). Basic work activities include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." 20 C.F.R. § 404.1521(b)(1). An impairment is not severe if it does not significantly limit, or only minimally affects, basic work activities. Id. §§ 404.1521(a), 416.921(a). A claimant must "produce adequate medical evidence to support his showing of a severe medically determinable impairment." Bowen v. Yuckert, 482 U.S. 137, 173 (1987).

Between steps three and four, the ALJ must determine residual functional capacity, which measures the claimant's ability to perform work activities despite his limitations. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e); Zirnsak v. Colvin, 777 F.3d 607, 611 (3d Cir. 2014). The ALJ must consider all the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 404.1520(e), 404.1545. The ALJ "examines 'all of the relevant medical and other evidence' to make its RFC determination." Zirnsak, 777 F.3d at 611 (quoting 20 C.F.R. § 404.1545(a)(3)). If the ALJ discredits a witness, she should explain how that credibility assessment influenced her disability determination so that the reviewing court can ascertain which evidence the ALJ accepted or rejected, and why. Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 146 (3d Cir. 2007) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).

Although a treating physician's opinion should generally be afforded great weight, the ALJ may reject the opinion "'outright only on the basis of contradictory medical information,' and not due to his or her own credibility judgments, speculation or lay opinion." Morales v. Apfel, 225 F.3d 310, 317-318 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). But see 20 C.F.R. § 404.1527(c) ("We will always give good reasons in our notice of determination

or decision for the weight we give your treating source's opinion."). The ALJ must "explain the weight given to physician opinions" using a variety of enumerated factors. 20 C.F.R. §§ 404.1520b, 404.1527(f)(2)(ii); Albury v. Comm'r of Soc. Sec., 116 F. App'x 328, 330 (3d Cir. 2004) (ALJ's explanation of decision must be detailed enough allow for meaningful judicial review). These factors include: (1) whether the doctor examined the claimant; (2) whether the doctor treated the claimant; (3) whether the opinion is supported by other relevant evidence; (4) whether the opinion is consistent with the record; (5) whether the doctor is a specialist giving an opinion relating to his or her area of specialty; and (6) any factors brought to the ALJ's attention, or of which it is aware, tending to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). In choosing to disregard a treating physician's opinion, the ALJ must further consider the length of the treatment relationship, the frequency of examination, and the nature and extent of the treatment relationship. Id. § 404.1527(c)(2)(i)-(ii).

Finally, the ALJ must determine whether the claimant can perform any jobs existing in significant numbers in the national economy, considering his RFC, age, education, and work experience. Id. § 404.1520(g). The ALJ "will often seek the assistance of a vocational expert at this fifth step." Fargnoli v. Massanari, 247 F.3d 34, 39 (3d Cir. 2001). The ALJ should ensure that the vocational expert's testimony is consistent with the occupational definitions contained in the Dictionary of Occupational Titles. SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). The DOT provides information about the occupations "as generally performed, not the range of requirements of a particular job as it is performed in specific settings." Id. When there is a conflict between the expert's testimony and the DOT, the ALJ may not favor the testimony without a reasonable explanation. Id. Remand is appropriate where the ALJ fails to discuss an explicit conflict between

the vocational expert's testimony and the DOT definition. <u>Jones v. Barnhart</u>, 364 F.3d 501, 506 n.6 (3d Cir. 2004).

### III. DISCUSSION

Plaintiff argues that the Magistrate Judge made three errors.

#### A. "Severe Impairments"

Plaintiff objects to the Magistrate Judge's acceptance of the ALJ's determination that Plaintiff's back impairments and COPD were not "severe." (Pl.'s Objs. at 3-6.) I will overrule this objection.

The ALJ concluded that Plaintiff's bipolar disorder was a severe impairment. (Hr'g Decision at 3.) In finding that his back impairment and COPD were not "severe," however, the ALJ reasoned:

> the medical evidence does not establish any abnormality that would have more than a minimal effect on the claimant's ability to work. The claimant has had only sporadic treatment for these conditions and there is no indication that he has seen specialists for such. He testified he has COPD but is on no medications or inhalers. He had cervical steroid shots years ago, but has not had any recent treatment.

(<u>Id</u>.) Upholding this determination, the Magistrate Judge observed that Plaintiff's treatment records lacked any indication that Plaintiff's doctors restricted his daily activities due to these impairments. (R. & R. at 13.)

To support his objection, Plaintiff refers to evidence that he complained about and received treatment for these conditions. (Pl.'s Objs. at 3.) Plaintiff does not—and cannot—however, dispute the ALJ's finding that neither his COPD nor his back impairment *significantly* limits his ability to do basic work activities. That finding is supported by ample evidence. (<u>See</u> R. & R. 11-13.) That evidence was confirmed by the vocational expert. (Hr'g Tr. at 28-30). In these circumstances, I will overrule Plaintiff's first objection.

5

### B. Treating Psychologist's Opinion

Although not entirely clear, it appears that Plaintiff objects to the failure of both the Magistrate Judge and ALJ to give appropriate weight to the opinion of Dr. Levy, Plaintiff's treating psychologist. (Pl.'s Objs. at 6 ("Plaintiff claimed that medical source opinions generally were not properly analyzed with regards to his treating specialist's statements.").) Dr. Levy—whose report signature apparently was illegible—reported as follows:

> The claimant was found to have marked limitations in the following work related mental activities: in his ability to interact appropriately with the public, supervisor(s) and respond appropriately to work pressures and to changes in a routine work setting and to understand and rememb er detailed instructions. He was found to have an extreme limitation in his ability to carry out detailed instructions. The claimant has slight limitations in understanding, remembering, and carrying out short, simple instructions.

(ALJ Decision at 6.) The ALJ gave "little weight to these findings in that the medical records . . . do not support this assessment." (Id.)

The opinion of Dr. Levy as Plaintiff's treating psychologist was entitled to considerable weight, but the ALJ may reject that opinion outright on the basis of contradictory medical evidence. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999); see also 20 C.F.R. § 404.1527(d)(2) (treating physician opinion is controlling if it is well-supported by medical evidence and not inconsistent with other substantial evidence on the record). The discretion to reject an opinion outright does not relieve the ALJ of the responsibility to explain that decision so that I may intelligently review it. See 20 C.F.R. § 404.1527(c) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."); id. § 404.1527(c)(1)-(6) (factors to consider in deciding how much weight to afford any medical opinion); id. § 404.1527(c)(2)(i)-(ii) (additional factors when choosing to disregard treating physician's opinions).

Because the ALJ offered virtually no explanation for rejecting Dr. Levy's findings, I am

6

unable to review that decision intelligently; accordingly, I will remand to the Commissioner so that the ALJ may fully explain her rejection of Dr. Levy's medical opinion.

### C. Reliance on the Vocational Expert Testimony

Plaintiff asserts that the Magistrate Judge erred in upholding the Social Security Administration's vocational expert testimony. (Pl.'s Objs. at 8-11.) I agree.

The Parties agree that the ALJ properly concluded that Plaintiff's RFC limits him to simple, low stress, solitary work that is routine in nature and not quota-driven. (Hr'g Decision at 4.) In light of these limitations, the vocational expert testified that Plaintiff could perform work as a housekeeper, packaging machine attendant, and photo copier machine operator. (Id. at 8; Hr'g Tr. at 26-33.) Those occupations are defined as follows:

> **323.687-014 CLEANER, HOUSEKEEPING (any industry) . . .**
>
> Cleans rooms and halls in commercial establishments, such as hotels, restaurants, clubs, beauty parlors, and dormitories, performing any combination of following duties: Sorts, counts, folds, marks, or carries linens. Makes beds. Replenishes supplies, such as drinking glasses and writing supplies. Checks wraps and renders personal assistance to patrons. Moves furniture, hangs drapes, and rolls carpets. Performs other duties as described under CLEANER (any industry) . . .
>
> **920.686-038 POLY-PACKER AND HEAT-SEALER (protective dev.)**
>
> Feeds machine that seals sterilized dressings into plastic bags and packs bags in cardboard cartons: Inserts sterilized dressing into plastic bag and folds open end to prepare for sealing. Feeds folded end into machine that seals bag. Presses and examines bag for airtight seal. Packs specified number of bags in cardboard cartons.
>
> **207.685-014 PHOTOCOPYING-MACHINE OPERATOR (clerical)**
>
> Tends duplicating machine to reproduce handwritten or typewritten matter: Places original copy on glass plate in machine. Places blank paper on loading tray. Sets control switch for number of copies. Presses button to start machine which transfers image of original copy onto blank paper by photographic and static electricity process. May clean and repair machine. May receive payment for duplicate copies. Important variables may be indicated by trade name of machine tended.

DICTIONARY OF OCCUPATIONAL TITLES.

The ALJ "determined that the vocational expert's testimony is consistent with the

7

information contained in the [DOT]." (Hr'g Decision at 8.) Plaintiff asserts that the testimony conflicts with the DOT's occupational definitions as well as his determined RFC. (Pl.'s Objs. at 8.) First, Plaintiff contends that "solitary work" is incompatible with the DOT's definitions of housekeeping and photocopying. (Id. at 8-9.) The Magistrate Judge rejected this contention because neither occupation (as defined by the DOT) explicitly requires or depends upon interactions with customers, but "at most the definition states an individual *may* render personal assistance to patrons." (Doc. No. 21 at 19-20 (emphasis added).)

I agree with the Magistrate Judge that the DOT's definition for photocopying states the worker "*may* receive payment." The DOT's definition of housekeeping, however, explicitly provides that a housekeeper "renders personal assistance to patrons." Because the qualifier "may" is conspicuously absent from the DOT's definition of housekeeping, I find that the ALJ failed to explain the conflict between the DOT definition and the vocational expert testimony before accepting the testimony.

**IV.   CONCLUSION**

I will remand this matter so that the ALJ may explain: 1) the weight she afforded medical opinion evidence; and 2) the conflict between the vocational expert testimony and the DOT's definition of housekeeping.

**AND NOW**, this 9th day of February, 2017, after careful and independent review of the initial Complaint (Doc. No. 3), Defendant's Answer (Doc. No. 10), the administrative record (Doc. No. 9), and all related submissions, and upon consideration of Plaintiff's Request for Review (Doc. No. 13), Defendant's Response (Doc. No. 18), Chief Magistrate Judge Linda K. Caracappa's Report and Recommendation (Doc. No. 21), Plaintiff's Objections (Doc. No. 24), and Defendant's Response (Doc. No. 26), and all related submissions, it is hereby **ORDERED** as follows:

1. Plaintiff's Objections (Doc. No. 24) are **SUSTAINED in part**.
2. The Report and Recommendation (Doc. No. 21) is **APPROVED AND ADOPTED in part**.
3. Plaintiff's Request for Review (Doc. No. 13) is **DENIED in part and GRANTED in part**.
4. The Clerk of Court shall **CLOSE** this case.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____

Paul S. Diamond, J.